# EXHIBIT "C"

## MORTGAGE

This Mortgage is made on ___December 20___, 2007,

BETWEEN DOROTHY J. VALGENTI, whose address is 21 N. Summit Avenue, Chatham, NJ 07928 ("Valgenti")

AND GEORGE FANTINI and BMA INVESTMENTS, LLC, whose address is __3146 Golansky Blvd, Suite 101, Woodbridge, VA 22192__, (the "Lender").

### WITNESSETH

THAT Valgenti has executed and delivered to Lender a certain Hypothecation Agreement of even date herewith wherein Valgenti agreed to grant, inter alia, this Mortgage in order to secure the obligations of BEECH HILL COMPANY, INC., and THOMAS J. ERNST ("Borrower") in connection with loan, wherein Borrower promises to pay to Lender the principal sum of THREE HUNDRED THOUSAND DOLLARS ($300,000,00.00) lawful money of the United States of America, advanced or to be advanced by Lender to Borrower, with interest thereon, at the rate and times, in the manner and according to the terms and conditions specified in that certain Promissory Note (the "Note") dated December 14, 2007, all of which are incorporated herein by reference, such loan transaction being referred to herein as the "Loan."

**Property Mortgaged.** The property mortgaged to the Lender (called the "Property") is located in the Borough of Spring Lake County of Monmouth, and State of New Jersey and is more particularly described on Exhibit "A" attached hereto. The Property includes: (a) land; (b) all buildings that are now, or will be, located on the land; (c) all fixtures that are now, or will be, attached to the land or building(s) (for example, furnaces, bathroom fixtures and kitchen cabinets); (d) all condemnation awards and insurance proceeds relating to the land and building(s); and (e) all other rights that Valgenti has, or will have, as owner of the Property.

**Rights Given to Lender.** Valgenti mortgages the Property to the Lender. This means that Valgenti gives the Lender those rights stated in this Mortgage and also those rights the law gives to lenders who hold mortgages on real property. When Borrower pays all amounts due to the Lender under the Note and this Mortgage, the Lender's rights under this Mortgage will end. The Lender will then cancel this Mortgage at Borrower's expense.

**Promises.** Valgenti makes the following promises to the Lender:

1. <u>Ownership</u>. Valgenti warrants title to the premises (N.J.S.A. 46:9-2). This means Valgenti owns the Property and will defend Valgenti's ownership against all claims.

2. <u>Liens and Taxes</u>. Valgenti will pay all liens, taxes, assessments and other government charges made against the Property when due. Valgenti will not claim any deduction from the taxable value of the Property because of this Mortgage.

3. <u>Insurance</u>. Valgenti shall maintain general liability coverage insurance on the Property. The insurance companies, policies, amounts and types of coverage must be acceptable to the Lender. Valgenti will notify the Lender in the event of any substantial loss or damage.

All payments from the insurance company must be payable to the Lender under a "standard mortgagee clause" in the insurance policy.

4. Repairs. Valgenti will keep the Property in good repair, neither damaging nor abandoning it. Valgenti will allow the Lender to inspect the Property upon reasonable notice.

5. Lawful Use. Valgenti will use the Property in compliance with all laws, ordinances and other requirements of any governmental authority.

6. Eminent Domain. All or part of the Property may be taken by a government entity for public use. If this occurs, Valgenti agrees that any compensation be given to the Lender. The Lender may use this to repair and restore the Property or to reduce the amount owed on the Note and this Mortgage. This will not delay the due date for any further payment under the Note and this Mortgage. Any remaining balance will be paid to Valgenti.

7. Default. The Lender may declare that Valgenti is in default on this Mortgage if:

   (a) Valgenti fails to make any payment required by the Note and this Mortgage;

   (b) Valgenti fails to keep any other promise in this Mortgage;

   (c) the ownership of the Property is changed for any reason;

   (d) the holder of any lien on the Property starts foreclosure proceedings;

   (e) bankruptcy, insolvency or receivership proceedings are started by or against Valgenti or Borrower; or

   (f) Borrower fails to make any payment required by the Note.

8. Payments Due Upon Default. If the Lender declares that Valgenti is in default, Valgenti shall immediately pay the full amount of all unpaid principal, interest, other amounts due on the Note and this Mortgage and the Lender's costs of collection and reasonable attorney fees which shall all bear interest from the date of default until paid at a rate equal to four percent (4%) greater than the interest rate set forth in the Note.

9. Lender's Rights Upon Default. If the Lender declares that the Note and this Mortgage are in default, the Lender will have all rights given by law or set forth in this Mortgage. This includes the right to do any one or more of the following:

   (a) take possession of and manage the Property, including the collection of rents and profits;

   (b) have a court appoint a receiver to accept rent for the Property (Valgenti consents to this);

2

  (c) start a court action, known as foreclosure, which will result in a sale of the Property to reduce Valgenti's obligations under the Note and this Mortgage; and

  (d) sue Valgenti for any money that is owed to the Lender.

 10. <u>Notices</u>. All notices must be in writing and personally delivered or sent by certified mail, return receipt requested, to the address given in this Mortgage. Address changes may be made upon notice to the other party.

 11. <u>No Waiver by Lender</u>. Lender may exercise any right under this Mortgage or under any law, even if Lender has delayed in exercising that right or has agreed in an earlier instance not to exercise that right. Lender does not waive its right to declare that Valgenti is in default by making payments or incurring expenses on my behalf.

 12. <u>Each Person Liable</u>. This Mortgage is legally binding upon Valgenti and all who succeed to their responsibilities (such as heirs and executors). The Lender may enforce any of the provisions of the Note and this Mortgage against any one or more of the persons who sign this Mortgage.

 13. <u>No Oral Changes</u>. This Mortgage can only be changed by an agreement in writing signed by both Valgenti and the Lender.

 **Signatures.** Valgenti agrees to the terms of this Mortgage.

WITNESS:

_Thomas J. Ernst_    _Dorothy J. Valgenti_
            DOROTHY J. VALGENTI

STATE OF Virginia :
COUNTY OF Fairfax : §

 CERTIFY that on December 23, 2007, before me, the undersigned witnessing authority, personally appeared DOROTHY J. VALGENTI, who I am satisfied is the person who signed the within instrument, and she acknowledged that she signed and delivered the same as her voluntary act and deed. All of which is hereby certified.

NOTARY

Print Name: Carlos Pena
Title: Notary Public
Commission Expires: 7/31/2010

3023119v1

---

CARLOS PENA
Notary Public
Commonwealth of Virginia
My Commission Expires Jul 31, 2010

7052971