# EXHIBIT "M"

FILED
JUN 16 2009
SUPERIOR COURT
CLERK'S OFFICE

#2009-1402

POWERS KIRN, LLC
728 Marne Highway, Suite 200
Moorestown, NJ 08057
(856) 802-1000
Attorneys for Plaintiff

| | |
|---|---|
| Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB<br><br>**Plaintiff**<br><br>vs.<br><br>Benjamin A. Ernst, his heirs, devisees, and personal representatives and his/her, their, or any of their successors in right, title and interest, Mrs. Ernst, wife of Benjamin A. Ernst, her heirs, devisees, and personal representatives and his/her, their, or any of their successors in right, title and interest, Dorothy J. Valgenti, Joanna Valgenti Ernst, The Dorothy J. Valgenti Trust, The Bridges Financial Group, Inc.,<br><br>**Defendant(s)** | : SUPERIOR COURT OF NEW JERSEY<br>: CHANCERY DIVISION<br>: MORRIS COUNTY<br>:<br>: Docket No. F- 31545-09<br>:<br>:<br>: CIVIL ACTION<br>:<br>: COMPLAINT |

Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB having its principal place of business in San Antonio, TX, the plaintiff in the above entitled cause, says:

## FIRST COUNT

1. On the date set forth in 1-a following, the obligors named in 1-b following, in the

sum set forth in 1-d following executed to said obligee so named in 1-c following, an obligation (bond/note) dated the date set forth in 1-a following, to secure the sum set forth in 1-d following, payable on the date set forth in 1-f following, with interest at the rate per annum set forth in 1-e following, payable as set forth in 1-g following.

    1-a.    Date: June 13, 2007

    1-b.    Obligors: Benjamin A. Ernst

    1-c.    Obligee: World Savings Bank, FSB

    1-d.    Amount of Obligation: $490,000.00

    1-e.    Per annum interest rate: 7.874%

    1-f.    Due date of Obligation: July 2, 2037

    1-g.    Manner of payment of Obligation: By the payment of the sum of $847.12 bi-weekly, which amount may include escrow if required.

    1-h.    Bi-weekly late charge: $42.36

    1-i.    Terms of the mortgage permit the principal balance of the obligation to be increased to 125% of the original obligation.

    1-j.    Default Date (Date Payment Due): August 25, 2008

    2.    To secure the payment of the aforesaid obligation, the parties named in paragraph 1-b above together with the parties named in 2-e below, if any additional mortgagors, executed to the obligee named in paragraph 2-d, a mortgage of even date with said obligation, and thereby conveyed to obligee named in 2-d in fee the land hereinafter described, on the express condition that such conveyance should be void if payment should be made at the time and times, and in the manner described in said obligation. Said mortgage was duly recorded on the date set forth in 2-a following, in the County Office set forth in 2-b following, and in the County Mortgage Book

set forth in 2-c following:

    2-a.    Date mortgage was recorded: June 27, 2007

    2-b.    County Office where mortgage was recorded: Clerk of Morris County

    2-c.    Mortgage Book 20854 Page 1303&c

    2-d.    World Savings Bank, FSB

    2-e.    Benjamin A. Ernst

3. The mortgaged premises are described as follows: ALL THAT certain land and premises situated in the Borough of Chatham, County of Morris, State of New Jersey, and more particularly described as follows:

ALL THAT CERTAIN lot or parcel of land with the buildings and improvements thereon erected SITUATE, lying and being in the Borough of Chatham, County of Morris and State of New Jersey:

BEGINNING at an iron pipe found in the southeasterly sideline of Garden Avenue distant 252.40 feet along said sideline from the intersection of the same with the southwesterly sideline of Weston Avenue as shown on said Map and running, thence;

1. South 46 degrees 18 minutes East 139.82 feet, thence;

2. South 43 degrees 42 minutes West 60.80 feet, thence;

3. North 46 degrees 18 minutes West 139.82 feet to the southeasterly sideline of Garden Avenue, thence;

4. along said sideline, North 43 degrees 42 minutes East 60.80 feet to the point and place of BEGINNING.

BEING also known and designated as Lot 8 as shown on a certain map entitled, "CHATHAM ACRES, BOROUGH OF CHATHAM, MORRIS COUNTY, N.J., PROPERTY OF GEORGE G. HENNESSY, DATED NOVEMBER 30, 1950", filed in the Morris County Clerk's Office on December 8, 1950 as Map No. 1248.

The above description was prepared by Eric P. Silvestro, Professional Land Surveyor, License No. GS 43242, in accordance with his survey dated May 22, 2007.

BEING known as Block 32, Lot 8, Tax Map

BEING more commonly known as 66 Garden Avenue, Chatham, NJ 07928

BEING further the same land and premises which Robert J. Schoen and Jeannette M. Schoen, his wife, by a Deed dated 07/12/1961 and recorded 07/17/1961 in Deed Book 1806, page 627 did grant and convey unto Jane A. Triolo and Dorothy F. Triolo, their heirs and assigns.

AND BEING the same premises which Dorothy F. Triolo, single, by Deed dated 8/2/1994 and recorded 8/4/1997 in the County of Morris in Deed Book 4611, page 62 conveyed unto Jane A. Triolo, single.

BEING COMMONLY KNOWN AS: 66 Garden Avenue, Chatham, New Jersey

Block 32   Lot 8   Tax map of the Borough of Chatham

4. The holder of the obligation and mortgage referred to in paragraphs 1 and 2 above assigned said obligation and mortgage as follows:

    4-a. World Savings Bank, FSB merged with and became Wachovia Mortgage, FSB.

5. The obligation aforesaid contained an agreement that if any installment payment of interest and principal, taxes and insurance premiums should remain unpaid for 30 days after the same shall fall due, the whole principal sum, with all unpaid interest, should at the option of the above named mortgagee or heirs, executors, administrators, representatives or assigns, become immediately due and payable.

6. The following instruments appear of record which affect or may affect the premises described in paragraph 3 above, all of which instruments are subordinate to the lien of the mortgage set forth in paragraph 2 above.

    6-a. Benjamin A. Ernst executed the Mortgage as an unmarried person. The Present marital status of Benjamin A. Ernst cannot be ascertained and defendant Mrs. Ernst, wife of Benjamin A. Ernst, the unknown spouse of Benjamin A. Ernst, is hereby named for any interest this person may hold in the property. The subject mortgage is a purchase money mortgage. Any interest or possessory right of Mrs. Ernst, wife of Benjamin A. Ernst has in such property is subordinate and subject to the aforesaid purchase money mortgage.

    6-b. Benjamin A. Ernst conveyed a Life Estate on the within premises subject to plaintiff's bond and mortgage to Dorothy J. Valgenti by deed recorded 09/14/2007 in Deed Book 20917 at page 1878&c.

[handwritten annotation: PMM]

6-c.     Benjamin A. Ernst conveyed a Life Estate on the within premises subject to plaintiff's bond and mortgage to Joanna Valgenti Ernst by deed recorded 09/14/2007 in Deed Book 20917 at page 1878&c.

6-d.     Benjamin A. Ernst conveyed a Life Estate on the within premises subject to plaintiff's bond and mortgage to The Dorothy J. Valgenti Trust by deed recorded 09/14/2007 in Deed Book 20917 at page 1878&c.

6-e.     The Bridges Financial Group, Inc. is a defendant because it holds a mortgage on the within premises for $300,000.00 made by Dorothy J. Valgenti and Joanna Valgenti Ernst and The Dorothy J. Valgenti Trust, recorded in the office of the Clerk of Morris County on 05/23/2008 at Mortgage Book 21089 Page 945&c.

7.     Pursuant to the terms of the obligation referred to in paragraph 1 above (the terms of which are incorporated in the mortgage referred to in paragraph 2 above), the obligee named in said obligation reserved the right to pay taxes or other liens affecting the premises herein described, which liens are affecting the premises herein described, which liens are superior to the lien of the mortgage referred to in paragraph 2 above and which liens, when paid by the obligee or assignee, together with interest thereon as provided in said obligation and mortgage, are to be added to the amount due on the obligation and mortgage. The obligee may be required to pay such liens during the pendency of this action and will demand that such payments so made by said obligee or assignee be added to the mortgage debt as aforesaid.

8.     The person or persons named in paragraph 1-b above, or the grantee or grantees, if any, of said person or persons, have defaulted in making the payments to the plaintiff herein as required by the terms of the obligation and mortgage referred to in paragraphs 1 and 2 above, and said payments have remained unpaid for more than 30 days from the date of said payments due,

and are still unpaid. Plaintiff, herein, by reason of said default elected that the whole unpaid principal sum due on the aforesaid obligation and mortgage referred to in paragraphs 1 and 2 above with all unpaid interest and advances made thereon shall now be due.

9. The mortgage set forth herein held by plaintiff is a purchase money mortgage.

10. The heirs, devisees and personal representatives of the owners of the premises herein and their or any of their successors in right, title and interest are made party defendants to this action by reason of the fact that the whereabouts of the mortgagors cannot be ascertained at this time and those heirs, devisees and personal representatives and their or any of their successors in right, title and interest are made party defendants to this action to foreclose any interest they may have in the property being foreclosed herein.

11. Any interest or lien on the premises described in paragraph 3 above which the mortgagors named in paragraph 2 above or the grantees of said mortgagors, or which subsequent encumbrancers or lien holders, if any, named in paragraph 6 above, who are the defendants herein have or claim to have in or upon the aforesaid mortgaged premises or some part thereof are subject and subordinate to the lien of the mortgage set forth in paragraph 2 above, which mortgage is held by the plaintiff herein.

12. Plaintiff has complied with the provisions of R.S. §2A:50-53 et seq.

WHEREFORE, the plaintiff demands judgment:

(a) Fixing the amount due on the mortgage referred to in paragraph 2 above;

(b) Barring and foreclosing the defendants and each of them of all equity of redemption in and to the aforesaid lands, except to the extent of the priority given to Condominium liens, if any, by virtue of N.J.S.A. 46:8B-21;

(c) Directing that plaintiff be paid the amount due to plaintiff as provided in the mortgage set forth in paragraph 2 above, together with interest and costs;

(d) Adjudging that the lands described in paragraph 3 above be sold according to law to satisfy the amount due to plaintiff on the mortgage set forth in paragraph 2 above;

(e) Appointing a receiver of the rents, issues and profits of the lands described in Paragraph 3 above.

## SECOND COUNT

1. By the terms of the obligation and mortgage referred to in paragraph 1 and 2 of the First Count of this Complaint, the plaintiff, its assignee or the purchaser at sheriff's sale herein is entitled to possession of the tract of land with the appurtenances as more particularly described in paragraph 3 of the First Count herein.

2. On the date set forth in 2-a following, the plaintiff, by the terms of the obligation and mortgage aforesaid, became entitled to possession of the premises described in paragraph 3 of the First Count of this Complaint.

2-a. Date: September 25, 2008.

3. The person or persons named in paragraph 1-b, or their grantee or grantees, and those holding under them, and paragraph 6 of the First Count of the Complaint have or may claim to have certain rights in the premises described in paragraph 3 of the First Count of this Complaint and by reason thereof have since the date set forth in paragraph 2-a above deprived the plaintiff herein of the possession of the premises aforesaid.

WHEREFORE, the plaintiff demands judgment against the defendants:

(a) For possession of said premises

(b) For damages for mesne profits;

(c) For costs;

## CERTIFICATION PER RULE 4:64-1(a)

The undersigned hereby certifies that a title search has been received and reviewed to identify lienholders and other entities with an interest in the property.

## CERTIFICATION PER RULE 4:5-1

The undersigned hereby certifies that this matter is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor is there any other action or arbitration proceeding contemplated.

POWERS KIRN, LLC
Attorneys for Plaintiff

By: /s/ Sarah E. Powers
Sarah E. Powers

DATED: June 11, 2009

**POWERS KIRN, LLC**
728 Marne Highway, Suite 200
Moorestown, NJ 08057
(856) 802-1000
Attorneys for Plaintiff

| | |
|---|---|
| Wachovia Mortgage, FSB f/k/a World Savings Bank, FSB<br>**Plaintiff**<br><br>vs.<br><br>Benjamin A. Ernst, et al.<br><br>**Defendant(s)** | :SUPERIOR COURT OF NEW JERSEY<br>:CHANCERY DIVISION<br>:MORRIS COUNTY<br>:<br>: Docket No.F-31545-09<br>:<br>:      CIVIL ACTION<br>:<br>:      SUMMONS |

## FROM THE STATE OF NEW JERSEY

The Plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint or amended complaint attached to this summons states the basis for the lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A $135.00 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to the Plaintiff's attorney whose name and address appear above. A telephone call will not protect your rights; you must file and serve a written answer or motion if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these services is provided herewith.

Dated: June 23, 2009
#:2009-1402

        Jennifer M. Perez, Acting
        Clerk of the Superior Court

The Bridges Financial Group, Inc.
12781 Darby Brooke Ct., #101
Woodbridge VA  22192

| | | |
|---|---|---|
| New Jersey Bar Association<br>Lawyer Referral Service<br>(732)-249-5000<br><br>Legal Services of New Jersey, Inc.<br>(732)572-9100 | Gloucester County<br>Gloucester County Bar Association<br>Lawyer Referral Service<br>(856)848-4589<br>*Regional Legal Services<br>(856)848-5360 | Passaic County<br>Passaic County Bar Association<br>Lawyer Referral Service<br>(973)278-9223<br>Passaic County Legal Aid<br>(973)523-2900 |
| Atlantic County<br>Atlantic County Bar Association<br>Lawyer Referral Service<br>(609)345-3444<br>Cape-Atlantic Legal Services<br>(609)348-4200 | Hudson County<br>Hudson County Bar Association<br>Lawyer Referral Service<br>(201)798-2727<br>Hudson County Legal Services<br>(201)792-6363 | Salem County<br>Salem County Bar Association<br>Lawyer Referral Service<br>(856)935-5629<br>*Regional Legal Services<br>(856)451-0003 |
| Bergen County<br>Bergen County Bar Association<br>Lawyer Referral Service<br>(201)488-0044<br>Bergen County Legal Services<br>(201)487-2166 | Hunterdon County<br>Hunterdon County Bar Association<br>Lawyer Referral Service<br>(908)735-2611<br>Hunterdon County Legal Services<br>(908)782-7979 | Somerset County<br>Somerset County Bar Association<br>Lawyer Referral Service<br>(908)685-2323<br>Somerset-Sussex Legal Services<br>(908)231-0840 |
| Burlington County<br>Burlington County Bar Association<br>Lawyer Referral Service<br>(609)261-4862<br>*Regional Legal Services<br>(609)261-1088 | Mercer County<br>Mercer County Bar Association<br>Lawyer Referral Service<br>(609)585-6200<br>Legal Aid Society-Mercer County<br>(609)695-6249 | Sussex County<br>Sussex County Bar Association<br>Lawyer Referral Service<br>(973)267-5882<br>Somerset-Sussex Legal Services<br>(973)-383-7400 |
| Camden County<br>Camden County Bar Association<br>Lawyer Referral Service<br>(856)482-0618<br>*Regional Legal Services<br>(856)964-2010 | Middlesex County<br>Middlesex County Bar Association<br>Lawyer Referral Service<br>(732)828-0053<br>Middlesex County Legal Services<br>(732)249-7600 | Union County<br>Union County Bar Association<br>Lawyer Referral Service<br>(908)353-4715<br>Union County Legal Services<br>(908)354-4340 |
| Cape May County<br>Cape May County Bar Association<br>Lawyer Referral Service<br>(609)463-0313<br>Cape-Atlantic Legal Services<br>(609)465-3001 | Monmouth County<br>Monmouth County Bar Association<br>Lawyer Referral Service<br>(732)431-5544<br>Ocean-Monmouth Legal Services<br>(732)866-0020 | Warren County<br>Warren County Bar Association<br>Lawyer Referral Service<br>(908)387-1835<br>Warren County Legal Services<br>(908)475-2010 |
| Cumberland County<br>Cumberland County Bar Assoc.<br>Lawyer Referral Service<br>(856)825-2001<br>Legal Aid Society<br>(609)451-0003 | Morris County<br>Morris County Bar Association<br>Lawyer Referral Service<br>(973)267-5882<br>Legal Aid Society of Morris<br>(973)285-6911 | |
| Essex County<br>Essex County Bar Association<br>Lawyer Referral Service<br>(973)622-6207<br>Essex County Legal Aid Assoc.<br>(973)622-1513 | Ocean County<br>Ocean County Bar Association<br>Lawyer Referral Service<br>(732)240-3666<br>Ocean-Monmouth Legal Services<br>(732)341-2727 | * Camden Regional Legal Services, Inc. serves Burlington, Cumberland, Gloucester and Salem Counties. |