**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                                    )
                                                    )
THE BRIDGES FINANCIAL GROUP, INC.,   )
                                                    )
                    Plaintiff,                      )
                                                    )
          v.                                        )
                                                    )   Hon. Garrett E. Brown, Jr.
                                                    )
BEECH HILL COMPANY, INC.; THOMAS J. )
ERNST; THE DOROTHY J. VALGENTI TRUST; )   Civil Action No. 09-2686
DOROTHY J. VALGENTI; MR. DOROTHY J. )
VALGENTI; JOANNA VALGENTI ERNST;    )   **MEMORANDUM OPINION**
THE ESSEX & SUSSEX CONDOMINIUM       )
ASSOCIATION, INC.; and UNKNOWN        )
TENANTS OR OCCUPANTS NO. 1-10,       )
                                                    )
                    Defendant.                      )
_____ )

**BROWN, Chief Judge:**

This matter[1] comes before the Court upon the motion (Doc. Nos. 50, 51) to dismiss filed by Defendant Thomas J. Ernst.  Defendant seeks dismissal of Plaintiff The Bridges Financial Group, Inc.'s Complaint for lack of standing and because the promissory note in question is criminally usurious.  For the following reasons, the Court will deny Defendant's motion.

I.      BACKGROUND

For the purpose of this motion, the Court accepts as true the factual allegations contained in the Complaint and draws all reasonable inferences in favor of Plaintiff.  *See, e.g., Ashcroft v.*

_____
[1]This matter was reassigned to the undersigned by Order of March 5, 2010.

*Iqbal*, 129 S. Ct. 1937, 1949 (2009).  According to the Complaint, on or about December 14, 2007, George Fantini and BMA Investments, LLC ("Lenders") made a loan in the amount of $300,000.00 (the "Loan") to Defendants Beech Hill Company, Inc. and Thomas J. Ernst (together with Beech Hill, the "Borrowers").  The Borrowers executed a promissory note (the "Note") for the principal amount of $300,000.00.  On or about December 20, 2007, Defendant Dorothy Valgenti executed and delivered a mortgage in favor of Lenders for the principal amount of $300,000.00, which was recorded on December 21, 2008.  In addition, on or about December 21, 2007, Defendant, as trustee of the Dorothy J. Valgenti Trust, Dorothy Valgenti, and Defendant Joanna Valgenti executed a second mortgage in favor of Lenders for the principal amount of $300,000.00, which was recorded on May 23, 2008.  (Compl. ¶¶ 12-14, 16.)

The Note had a maturity date of ninety (90) days from the date of execution.  As of the date of the Complaint, the Note had not been paid.  The terms of the Loan provided that should the Borrowers fail "to make any payment, or perform any obligation as and when required by the terms" set forth in the Loan documents, the Borrowers would be in default.  In the event of a default, the holder of the Note would be entitled to acceleration of the outstanding amount due under the Loan.  (Compl. ¶¶ 21, 23-24.)

On or about April 14, 2009, Lenders assigned all their rights, title, and interest in the Note and mortgages executed as security for the Note to Plaintiff.  Assignments of the mortgages were recorded on April 22, 2009, in the Morris County Clerk's Office.  (Compl. ¶¶ 19-20.)

Plaintiff filed this action on June 2, 2009, to: (1) foreclose on the two mortgages securing the Note; (2) seek possession of the mortgaged property; and (3) receive a monetary judgment for all sums owed under the Loan.  (Compl. ¶¶ 33, 36, 38.)  Defendant Thomas Ernst now moves to

dismiss Plaintiff's Complaint, arguing that Plaintiff lacks standing and that the Note is unenforceable because it is criminally usurious.

## II.   ANALYSIS

Defendant's present motion, which challenges Plaintiff's standing and the merits of Plaintiff's claims, is properly addressed as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  A motion to dismiss under Rule 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff has failed to set forth fair notice of what the claim is and grounds upon which it rests.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint will survive the motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

The plausibility standard requires that "the plaintiff plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged" and demands "more than a sheer possibility that a defendant acted unlawfully."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 129 S. Ct. At 1949 (quoting *Twombly*, 550 U.S. at 555); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008).  In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public

record, and undisputedly authentic documents if the complainant's claims are based upon those documents. *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.3d 1192, 1196 (3d Cir. 1993).

According to Defendant, Plaintiff lacks standing to bring this action because it is not a "holder in due course" of the Note. Further, Defendant maintains that the Note is illegal because the required interest rate repayment of 33% is in excess of that allowed under New Jersey's Criminal Usury statute. The Court finds that both of Defendant's arguments lack merit.

*A. Lack of Standing*

"Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *Allen v. Wright*, 468 U.S. 737, 750 (1984). By requiring the federal court plaintiff to have "a personal stake in the outcome of the controversy," the standing doctrine "assure[s] that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination." *Massachusetts v. EPA*, 549 U.S. 497, 517 (2007) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). The constitutional "core" of standing requires that "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen*, 468 U.S. at 751. With regard to injury, the standing doctrine requires that the plaintiff allege an "injury in fact" that is either "(a) concrete and particularized" or "(b) actual or imminent," but "not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks and citations omitted).

Defendant contends that Plaintiff lacks constitutional standing to bring this action because Plaintiff did not acquire "holder in due course" status when Lenders assigned the Note to

Plaintiff.  The Uniform Commercial Code defines a holder in due course as one who takes a negotiable instrument for value, in good faith and without notice of any defense or claim against it.  N.J. Stat. Ann. § 12A:3-302 (2010).  Defendant maintains that because Plaintiff was aware that the Note was overdue at the time of the assignment, Plaintiff is not a holder in due course.  Assuming *arguendo* that Plaintiff knew that the Note was overdue at the time of the assignment, Defendant would be correct that Plaintiff is not a holder in due course.  *See Sun NLF Ltd. P'ship v. Sasso*, 313 N.J. Super. 546, 550 (App. Div. 1998) (finding that the assignee was not a holder in due course where "the face of the [note and mortgage] disclosed that it was overdue when plaintiff [assignee] acquired it").

However, the fact that Plaintiff is not a holder in due course is of no consequence to Plaintiff's standing in this action.  "The primary importance of the concept of holder in due course is with respect to assertion of defenses."  N.J. Stat. Ann. § 12A:3-302 off. cmt. 4 (2010).  "Holder in due course" status confers on a holder an ultimate right to the instrument held as against an obligor's "personal defenses"; that is, the right of the holder in due course to enforce the payment obligation is subject solely to an obligor's "real defenses"—defenses "of the obligor based on infancy . . . duress, lack of legal capacity, or illegality of the transaction which, under other law, nullifies the obligation of the obligor, fraud that induced the obligor to sign the instrument with neither knowledge nor reasonable opportunity to learn of its character or its essential terms, or discharge of the obligor in insolvency proceedings[.]"  N.J. Stat. Ann. § 12A:3-305(a)(1) and off. cmt. 1 (2010); *see also Triffin v. Automatic Data Processing, Inc.*, 394 N.J. Super. 237, 247 (App. Div. 2007). The fact that Plaintiff is not a holder in due course of the Note does not affect Plaintiff's ability to bring this action to enforce payment of the Note.

*See* N.J. Stat. Ann.  §§ 2A:25-1 ("All contracts for the sale and conveyance of real estate . . .

shall be assignable, and the assignee may sue thereon in his own name . . . ."), 46:9-9 (2010)

("All mortgages . . . shall be assignable at law . . . and the assignee may sue thereon in his own

name . . . ."). Defendant does not appear to dispute that Plaintiff is a valid holder of the Note and

mortgages. (*See* Compl. ¶ 19.) Courts in New Jersey have recognized that a holder has standing

to bring an action to compel payment of a defaulted loan. *See Gerrold v. Penn Title Ins. Co.*, 271

N.J. Super. 50, 54 (App. Div. 1994) (explaining that "[a]n assignee of a mortgage succeeds to the

rights and privileges, as well as to the disabilities of the assignor"); *Zurcher v. Modern Plastic*

*Mach. Corp.*, 24 N.J. Super. 158, 163 (App. Div. 1952) ("There can be no doubt that an assignee

of a debt, or of part of a debt, is a 'real party in interest.'") (citations omitted), *aff'd*, 12 N.J. 465

(1953). Further, Plaintiff's status as a holder in due course is irrelevant to Defendant's illegality

defense since Defendant would be able to assert such a defense notwithstanding a finding that

Plaintiff did acquire "holder in due course" status. Accepting the allegations in the Complaint as

true, as the Court must, Plaintiff is a holder of the Note and has suffered injuries from the alleged

nonpayment of the Note. There is no question that this alleged injury is "fairly traceable" to the

alleged nonpayment and would "likely . . . be redressed by the requested relief." *See Allen*, 468

U.S. at 751. Therefore, the Court is satisfied that Plaintiff has standing and will deny

Defendant's motion in this regard.

    *B. Usury*

    Defendant next alleges that the 33% interest rate under the Note is criminally usurious

under New Jersey law, rendering the Note unenforceable. Plaintiff contends that the usury laws

of the state of Virginia apply as opposed to New Jersey's laws because the Note "expressly

provides that 'the laws of the State of Virginia shall govern this agreement.'" (Pl.'s Opp. Br. at

2.)  Further, Plaintiff maintains that even if New Jersey law applies, the Note is not usurious.

(*Id.*)  The Court agrees with Plaintiff that Defendant's usury argument fails under both Virginia

and New Jersey law.

Defendant does not dispute that the parties' Note expressly provides that the "laws of the

State of Virginia shall govern this agreement."  (Pl.'s Br. Ex. A.)  Courts in New Jersey enforce

forum selection agreements "unless the party objecting thereto demonstrates (1) the clause is a

result of fraud or overweening bargaining power . . . or (2) enforcement in a foreign forum would

violate strong public policy of the local forum . . . or (3) enforcement would be seriously

inconvenient for the trial[.]"  *Wilfred MacDonald Inc. v. Cushman, Inc.*, 256 N.J. Super. 58,

63-64 (App. Div. 1992).  Defendant does not assert that any of these exceptions apply here.

Under Virginia law, a defense of usury is not applicable to loans obtained for business purposes

in any amount over $5,000.  Va. Code Ann. § 6.2-317 (2010) ("No person shall, by way of

defense or otherwise, avail himself of the provisions of this chapter, or any other statutory or case

law relating to usury or compounding of interest, to avoid or defeat the payment of interest, or

any other sum, in connection with a loan made to a person for business or investment purposes, if

the initial amount of the loan is $5,000 or more.").  Defendant does not suggest that the disputed

loan is something other than a business loan, or that it exceeded $5,000.  Thus, Virginia law

forecloses Defendant's usury argument.

However, even if New Jersey law applied to the instant dispute, Defendant's usury

argument would fare no better.  New Jersey corporations are not entitled to plead usury as a

defense.  N.J. Stat. Ann. § 31:1-6 (2010) ("No corporation . . . shall plead or set up the defense of

usury to any action brought against it to . . . enforce a remedy on any obligation executed by said

corporation . . . .").  Although Defendant is an individual and not a corporation, when "the

defense of usury cannot be pleaded by the corporate maker of the notes, it is likewise unavailable

to the individual endorsers on the notes."  *Fine v. H. Klein, Inc.*, 10 N.J. Super. 295, 300 (Cty. Ct.

1950) (citing *Commercial Funding Corp. v. Melroy Const. Co.*, 106 N.J. Eq. 11 (Ch. 1930));

*Liebers v. Plainfield, &c., Bldg. Co.*, 108 N.J. Eq. 391 (Ch. 1931)); *see also Selengut v. Ferrara*,

203 N.J. Super. 249, 258 (App. Div. 1985).  The Note reflects that Defendant Ernst signed both

in his individual and corporate capacities as President of Defendant Beech Hill Company, Inc.

(Pl.'s Br. Ex. A.)  As noted above, Defendant does not suggest that the loan was not for business

purposes.  Accordingly, Defendant may not avail himself of the defense of usury.  Because

Defendant has not raised a valid usury defense, the Court will deny Defendant's motion to

dismiss.[2]


## III.   CONCLUSION

For the aforementioned reasons, the Court will deny Defendant's motion and dismiss

---

[2]Even if Defendant had presented a valid usury defense, the proper remedy would not be dismissal of Plaintiff's Complaint as against him.  Rather, Plaintiff's claim would be limited to "the principal of the loan, the amount or value actually lent, without interest or costs of the action."  *Ferdon v. Zarriello Bros. Inc.*, 87 N.J. Super. 124, 128 (L. Div. 1965) (citations omitted); *see also* N.J. Stat. Ann. § 31:1-3 ("In all actions to enforce any note, bill, bond, mortgage, contract, covenant, conveyance, or assurance, for the payment or delivery of any money, wares, merchandise, goods, or chattels lent, and on which a higher rate of interest shall be reserved or taken than was or is allowed by the law of the place where the contract was made or is to be performed, the amount or value actually lent, without interest or costs of the action, may be recovered, and no more. If any premium or illegal interest shall have been paid to the lender, the sum or sums so paid shall be deducted from the amount that may be due as aforesaid, and recovery had for the balance only.").

(Doc. Nos. 50, 51) Plaintiff's Complaint.  An appropriate form of order accompanies this

Memorandum Opinion.

Dated: October 5, 2010

                                                           /s/ Garrett E. Brown, Jr.
                                                  GARRETT E. BROWN, JR., U.S.D.J.