**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE BRIDGES FINANCIAL GROUP, INC.,<br><br>Plaintiff,<br><br>v.<br><br>BEECH HILL COMPANY, INC.; THOMAS J. ERNST; THE DOROTHY J. VALGENTI TRUST; DOROTHY J. VALGENTI; MR. DOROTHY J. VALGENTI; JOANNA VALGENTI ERNST; THE ESSEX & SUSSEX CONDOMINIUM ASSOCIATION, INC.; and UNKNOWN TENANTS OR OCCUPANTS NO. 1-10,<br><br>Defendant. | Hon. Garrett E. Brown, Jr.<br><br>Civil Action No. 09-2686<br><br>**ORDER** |

This matter[1] comes before the Court upon Plaintiff The Bridges Financial Group, Inc.'s

("Bridges") motion to strike the Answer of *pro se* Defendant Thomas J. Ernst for his repeated

failure to comply with the Court's discovery orders (Doc. No. 66), as well as the November 12,

2010 Report and Recommendation ("R&R," Doc. No. 79) of the Hon. Madeline Cox Arleo,

U.S.M.J., recommending that Plaintiff's motion be granted and that Ernst's Answer be stricken.

In her R&R, Magistrate Judge Arleo applied the procedural history of this case to the six-factor

test established by the Third Circuit in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863

(3d Cir. 1984).  Magistrate Judge Arleo documented Ernst's failure to comply with three separate

---

[1]This matter was reassigned to the undersigned by Order of March 5, 2010.

discovery orders, the non-responsiveness of Ernst's discovery submissions, and his failure to attend a court-ordered settlement conference.  After weighing the *Poulis* factors, Magistrate Judge Arleo concluded that dismissal of Ernst's Answer is the appropriate sanction in light of his nonfeasance.

This Court has reviewed Magistrate Judge Arleo's R&R pursuant to Local Civil Rule 72.1.  That rule provides that the Court "shall make a *de novo* determination of those portions [of the R&R] to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." L. Civ. R. 72.1(c)(2). In conducting its review, the Court was mindful that it "may consider the record developed before the Magistrate Judge, [and] mak[e] [its] own determination on the basis of that record." *Id.*; *see also State Farm Indem. v. Fornaro*, 227 F. Supp. 2d 229, 231 (D.N.J. 2002).

Here, there were no objections to Magistrate Judge Arleo's R&R.  Further, the Court concludes that the record before Magistrate Judge Arleo was adequately developed, the appropriate legal standard applied, and an appropriate sanction ultimately recommended. Accordingly, this Court hereby ADOPTS Magistrate Judge Arleo's November 12, 2010 Report and Recommendation (Doc. No. 79).  Having done so,

IT IS THIS 10th day of December, 2010, hereby

ORDERED that Bridges' motion to strike (Doc. No. 66) is GRANTED, such that Ernst's Answer (Doc. No. 48) is STRICKEN WITH PREJUDICE; and it is further

ORDERED that the Clerk shall enter default against Ernst, and Bridges may file an application for default judgment against Ernst within ten (10) days of the date of this Order.

A copy of this Order shall be served by ordinary mail within seven (7) days after

receipt by Bridges' counsel upon all defendants who have appeared in this action.

                                        /s/ Garrett E. Brown, Jr.
                                 GARRETT E. BROWN, JR., U.S.D.J.