**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| THE BRIDGES FINANCIAL GROUP, INC., | |
| Plaintiff, | |
| v. | Hon. Garrett E. Brown, Jr. |
| BEECH HILL COMPANY, INC.; THOMAS J. ERNST; THE DOROTHY J. VALGENTI TRUST; DOROTHY J. VALGENTI; MRS. DOROTHY J. VALGENTI; JOANNA VALGENTI ERNST; THE ESSEX & SUSSEX CONDOMINIUM ASSOCIATION, INC.; and UNKNOWN TENANTS OR OCCUPANTS NO. 1-10, | Civil Action No. 09-2686<br><br>**MEMORANDUM OPINION** |
| Defendants. | |

**BROWN, Chief Judge:**

This matter[1] comes before the Court upon Plaintiff's motion for default judgment (Doc. No. 87) against Defendant Thomas J. Ernst. Mr. Ernst opposes default judgment and has moved to dismiss the case (Doc. No. 80) pursuant to N.J. Stat. Ann. § 14A:13-20. Previously, by Order of December 10, 2010 (Doc. No. 86), this Court adopted the Report and Recommendation ("R&R") of Magistrate Judge Madeline Cox Arleo (Doc. No. 79) and struck Mr. Ernst's Answer, allowing Plaintiff to seek default judgment. The Court was notified that Mr. Ernst had filed bankruptcy proceedings, and the Court therefore stayed all motions involving Mr. Ernst by Order of March 15, 2011. (Doc. No. 96.) The bankruptcy proceeding was dismissed on March 25,

---

[1] This matter was reassigned to the undersigned by Order of March 5, 2010.

1

2011.  *In re: Thomas John Ernst*, Bankr. No. 11-15669-MS, Doc. No. 16 (Bankr. D.N.J. Mar. 25, 2011).  Because the dismissal of the bankruptcy proceeding terminates the automatic stay, 11 U.S.C. § 362(c)(2)(B), the Court now considers the parties' motions.  This Court considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the following reasons, the Court will deny Mr. Ernst's motion to dismiss, and the Court will grant Plaintiff's motion for default judgment.

### *Background*

For the purpose of this motion, the court accepts as true the allegations contained in the complaint with the exception of damages.  *See, e.g.*, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).  According to the Complaint, on or about December 14, 2007, George Fantini and BMA Investments, LLC ("Lenders") made a loan in the amount of $300,000.00 (the "Loan") to Defendants Beech Hill Company, Inc. and Thomas J. Ernst (together with Beech Hill, the "Borrowers").  The Borrowers executed a promissory note (the "Note") for the principal amount of $300,000.00.  On or about December 20, 2007, Defendant Dorothy Valgenti executed and delivered a mortgage in favor of Lenders for the principal amount of $300,000.00, which was recorded on December 21, 2008.  In addition, on or about December 21, 2007, Defendant, as trustee of the Dorothy J. Valgenti Trust, Dorothy Valgenti, and Defendant Joanna Valgenti executed a second mortgage in favor of Lenders for the principal amount of $300,000.00, which was recorded on May 23, 2008.  (Compl. ¶¶ 12–14, 16.)

The Note had a maturity date of ninety (90) days from the date of execution.  As of the date of the Complaint, the Note had not been paid.  The terms of the Loan provided that should the Borrowers fail "to make any payment, or perform any obligation as and when required by the terms" set forth in the Loan documents, the Borrowers would be in default.  In the event of a

2

default, the holder of the Note would be entitled to acceleration of the outstanding amount due under the Loan. (Compl. ¶¶ 21, 23–24.) On or about April 14, 2009, Lenders assigned all their rights, title, and interest in the Note and mortgages executed as security for the Note to Plaintiff The Bridges Financial Group, a Virginia corporation with a principle place of business in Woodbridge, Virginia. Assignments of the mortgages were recorded on April 22, 2009, in the Monmouth and Morris County Clerks' Offices. (Compl. ¶¶ 1, 19–20.)

Plaintiff filed this action on June 2, 2009, to: (1) foreclose on the two mortgages securing the Note; (2) seek possession of the mortgaged property; and (3) receive a monetary judgment for all sums owed under the Loan. (Compl. ¶¶ 33, 36, 38.) Mr. Ernst filed an Answer and numerous affirmative defenses on May 11, 2010. During the course of discovery, Mr. Ernst served numerous incomplete, confusing, and non-responsive discovery responses upon Plaintiff, prompting Plaintiff to seek relief before the Hon. Madeline Cox Arleo, U.S.M.J., who presided over discovery proceedings. As more fully detailed in Magistrate Judge Arleo's Report and Recommendation (R&R) of November 12, 2010, Mr. Ernst failed to comply with discovery orders of May 5, 2010, June 30, 2010, and he failed to attend or seek an adjournment of an in-person settlement conference on August 10, 2010. This pattern of recalcitrance prompted Magistrate Judge Arleo to enter an order to show cause on August 11, 2010, requiring Mr. Ernst to show cause why sanctions should not be imposed pursuant to Federal Rules of Civil Procedure 16(f) and 37 no later than August 25, 2010. Mr. Ernst did not timely respond to the order to show cause, but requested an adjournment of the order to show cause, citing a family illness. The Court granted the adjournment, and held a hearing on the order to show cause on September 13, 2010. For the third time, the Court ordered Mr. Ernst to provide fully responsive answers to outstanding written discovery, and the Court awarded Plaintiff's counsel reasonable attorneys'

3

fees (later assessed to be $1,601.50) as sanctions for Mr. Ernst's failure to attend the August 10, 2010 settlement conference.[2] (*See* R&R at 3–5.) Magistrate Judge Arleo specifically instructed Mr. Ernst that this was his "final opportunity" to adhere to the discovery orders, and that the Court would permit Plaintiff to move to dismiss if he did not do so. (Doc. No. 63 (Letter Order of September 14, 2010).) Mr. Ernst filed documents purporting to be discovery responses on September 20, 2010.

On Plaintiff's motion to strike, Magistrate Judge Arleo reviewed the September 20 submissions, and found portions of them "not only inadequate but uncomprehensible." (R&R at 8.) After weighing the factors set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984), Magistrate Judge Arleo recommended striking Mr. Ernst's Answer, concluding that he was responsible for his non-responsive filings and failure to appear, that his misconduct prejudiced Plaintiff, that he had demonstrated a history of dilatoriness, that his misconduct was willful, and that lesser sanctions would not be effective. (*See id.* at 8–13.) Despite notice that he had 14 days to file objections to the R&R, Mr. Ernst did not file any objections, and this Court adopted Magistrate Judge Arleo's R&R and struck Mr. Ernst's Answer by Order of December 10, 2010.

Pursuant to this Court's December 10 Order, the Clerk of the Court entered default against Mr. Ernst, and Plaintiff now moves for default judgment. Mr. Ernst opposes default judgment on the grounds that Plaintiff violated New Jersey's business reporting requirements set forth in N.J. Stat. Ann. § 14A:13-20. During the discovery and R&R period, Mr. Ernst has also

---

[2] The Court gave Mr. Ernst until October 24, 2010, to pay the sanction, and Mr. Ernst filed an untimely request to extend the payment period for the sanction.

filed additional documents, styled as motions or "petitions," that seek dismissal of Plaintiff's claims under a variety of legal theories, and on the basis of a number of factual allegations, some of which were not included in Mr. Ernst's Answer. (*See, e.g.*, Doc. No. 61, 72, 77.) Previously, this Court denied similar informal "motions" (*see* Doc. Nos. 50, 51) asserting usury and standing defenses by Order of October 5, 2010. (Doc. Nos. 67–68.)

### *Default Judgment*

Default judgment is governed by Federal Rule of Civil Procedure 55. Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v. Kumar*, No. 06-5231, 2008 U.S. Dist. LEXIS 28066, at *7 (D.N.J. Apr. 1, 2008) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady*, 250 F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987) ("[W]e have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment.")). "In weighing these factors, district courts must remain mindful that, like dismissal

5

with prejudice, default is a sanction of last resort." *Id.* (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984)).

Accepting the facts alleged to be true, Plaintiff has stated a claim for moneys owed under the Note. The Court concludes that entry of default judgment against Mr. Ernst is appropriate in this case. He has not proffered a meritorious defense to Plaintiff's claims for amounts owed under the Note, and his numerous informal motions and petitions for relief are not well-founded.

With regard to Mr. Ernst's most recent claim that Plaintiff failed to comply with N.J. Stat. Ann. § 14A:13-20, the Court notes that this defense does not appear in Mr. Ernst's Answer (*see* Doc. No. 48[3]), and Mr. Ernst fails to explain how this statute applies to the loan agreement entered into by the parties. This statute provides in pertinent part:

> a. No foreign corporation carrying on any activity or owning or maintaining any property in this State which has not obtained a certificate of authority to do business in this State and disclaims liability for the corporation business tax and the corporation income tax shall maintain any action or proceeding in any State or Federal court in New Jersey, until such corporation shall have filed a timely notice of business activities report
>
> b. The failure of a foreign corporation to file a timely report shall prevent the use of the courts in this State for all contracts executed and all causes of action that arose at any time prior to the end of the last accounting period for which the corporation failed to file a required timely report.

N.J. Stat. Ann. § 14A:13-20(a)–(b). Subsection 13-15 identifies the "[a]ctivities or property maintenance in [New Jersey] which require corporations to file [the business activities report]"

---

[3] Mr. Ernst, along with other Defendants, originally filed a joint Answer (Doc. No. 19) that included a number of counterclaims sounding in fraud, federal securities laws, and contract defenses. After Plaintiff objected that Mr. Ernst was not licensed to practice law in New Jersey and therefore could not represent other Defendants in this suit (*see* Doc. No. 21), Magistrate Judge Arleo struck the joint Answer and counterclaims and permitted Defendants to file separate Answers. Mr. Ernst did not maintain these counterclaims in his Answer of May 11, 2010.

as follows:

> a. the maintenance in this State of an office or other place of business; or
>
> b. the maintenance of personnel in this State, including the presence of employees, agents, representatives or independent contractors in connection with the corporation's business, even though not regularly stationed in this State; or
>
> c. the ownership or maintenance of real and/or tangible personal property directly used by the corporation in this State; or
>
> d. the ownership or maintenance of tangible and/or intangible property in this State which is used by others; or
>
> e. receiving payments from persons residing in this State, or businesses located in this State, aggregating in excess of $25,000.00 regardless of any other connections with this State; or
>
> f. the derivation of income from any source or sources within this State; or
>
> g. any other activity or property in, or interrelationships with, this State as designated by the director.

N.J. Stat. Ann. § 14A:13-15. Beyond the fact that Mr. Ernst did not plead this defense in his Answer, he did not allege facts in his Answer that would support the inference that Plaintiff engaged in any of the above activities or maintained property in New Jersey. Mr. Ernst now appears to argue that these business reporting statutes apply, because he is a New Jersey resident, and because this case involves "a certain New Jersey-based promissory note [that] was signed in New Jersey." (*See* Doc. No. 91.) While Mr. Ernst offers no evidence to support these assertions, Plaintiff provided notarized copies of the Note, related mortgages and powers of attorney, and Mr. Ernst's driver's license, indicating that the documents were executed in Virginia, and that Mr. Ernst kept a Virginia address at the time of the loan agreement. (*See, e.g.*, Bridges Supp. Aff. Exs. A, C, D, E.) Plaintiff's president and CEO also submits an affidavit denying that BMA

Investments, the Virginia corporation that made the loan, conducted activities or maintained property in New Jersey with regard to the loan agreement with Mr. Ernst. (*See* Bridges Suppl. Aff.) The only link to New Jersey appears to be the residences that were mortgaged for purposes of collateral. Mr. Ernst has not provided particularized allegations or evidence that would put these facts in dispute, or otherwise indicate that N.J. Stat. Ann. § 14A:13-20 applies to this case. This Court need not make a factual finding at this point, because the Court is satisfied that Mr. Ernst has not set forth a meritorious defense on the basis of N.J. Stat. Ann. § 14A:13-20.

The Court further finds that for Mr. Ernst's other informal "motions" (Doc. Nos. 61, 72, 77) do not set forth meritorious defenses. The "motion" filed as Docket Number 61 bears the misleading caption "DEFENDANT PRO SE ERNST's ANSWERS TO INTERROGS," and presents conclusory allegations that Plaintiff has "*Unclean Hands*" and "has repeatedly violated the New Jersey License Lenders Laws." The document also appears to include Mr. Ernst's answers to interrogatories and various internet printouts and news releases. The "supplement" filed as Docket Number 77, which appears to relate to Docket Number 61, sets forth additional internet printouts, five conclusory unsigned "affidavits," and Mr. Ernst's "Answers to Plaintiff's Many Interrogatories," which includes a listing of the "Many NJ/Federal Laws Probably Violated by Plaintiff Bridges." The Court notes that Mr. Ernst did not plead a defense under New Jersey License Lenders Laws in his Answer, and the vague and conclusory assertions of wrongdoing presented in Docket Numbers 61 and 77 fail to set forth specific grounds for dismissal.[4] Docket Number 72, meanwhile, seeks dismissal pursuant to Federal Rule of Civil Procedure 19, arguing

---

[4]To the extent that Mr. Ernst relies on the various internet printouts as evidence —although the relevance of the printouts is unclear—the presentation of such evidence is premature on a motion to dismiss.

that Plaintiff improperly failed to join the holders of the first mortgages of the New Jersey residences. However, Mr. Ernst does not dispute that the mortgages involved in this action are second mortgages, and New Jersey law only requires the joinder of subordinate lienholders, N.J.R. 4:64-1(b)(11). Furthermore, even if the non-joinder was inappropriate, it could be cured by the joinder of the interested party. Mr. Ernst does not explain how Plaintiff's claims in this lawsuit threaten the interests of the primary mortgage holders. Consequently, Docket Number 72 fails to set forth a meritorious defense.

The Court further finds that Plaintiff has suffered prejudice from Mr. Ernst's misconduct and will continue to suffer prejudice if default is not entered. The Court finds Mr. Ernst culpable for his conduct, for the reasons articulated by Magistrate Judge Arleo's R&R. The Court recognizes that Mr. Ernst has represented himself *pro se* in this action, but the usual lenience accorded to the filings of *pro se* litigants is not warranted here, because Mr. Ernst has represented to the Court that he is a graduate of Georgetown University Law Center. Even without formal legal training, Mr. Ernst would still be required to comply with Court orders. *See, e.g.*, *Burns v. Glick*, 158 F.R.D. 354, 356 (E.D. Pa. 1994) ("[A]ll litigants, including *pro ses*, have an obligation to comply with Court orders. When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." (quoting *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir.1988)). Mr. Ernst has repeatedly skirted his discovery obligations, failed to attend a Court-ordered settlement conference, and inundated this Court with frivolous motions founded on little more than conclusory allegations and random internet printouts. Beyond his misfeasance in this case, Mr. Ernst had another civil action asserting similar claims involving related entities dismissed for lack of prosecution in April 2009. *See Ernst v. Bridges*, Civ. No. 08-3163, Doc. No. 11 (D.N.J. Apr. 28, 2009). No lesser

9

sanction than dismissal will suffice. The Court will grant Plaintiff's motion for default judgment against Mr. Ernst.

Having determined that default judgment is warranted, this Court need not accept the Plaintiff's allegations regarding damages. *See* Fed. R. Civ. P. 55(b)(2); *Comdyne I*, 908 F.2d at 1149. Plaintiff has submitted the affidavit of David G. Bridges, the president and CEO of Plaintiff corporation, asserting damages under the Note in the amount of $428,965.36, consisting of a principal balance of $210,596.86, interest totaling $173,289.33, and attorneys' fees and costs totaling $45,079.17. Plaintiff does not specify how interest was calculated or the provision in the loan agreement that authorizes attorneys' fees. The Court will defer judgment on damages and permit Plaintiff to file supplemental documentation, no later than April 25, 2011, regarding its claim for interest and reasonable attorneys' fees and costs. Mr. Ernst will have until May 2, 2011, to file responsive submissions limited to addressing Plaintiff's claim for interest and reasonable attorneys' fees and costs.

## *Conclusion*

For the aforementioned reasons, the Court will deny Mr. Ernst's motion to dismiss (Doc. No. 80), and the Court will grant Plaintiff's motion for default judgment (Doc. No. 87). The Court will permit Plaintiff to file supplemental documentation regarding its claim for interest and reasonable attorneys' fees and costs no later than April 25, 2011. Mr. Ernst may file a responsive submission, limited to this subject, no later than May 2, 2011. An appropriate form of order accompanies this Memorandum Opinion.

Dated: April 18, 2011

                                                         /s/ Garrett E. Brown, Jr.
                                                         GARRETT E. BROWN, JR., U.S.D.J.